IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL GEBBIA, | : | CIVIL NO. 4:06-CV-2171 |
| | : | |
| Petitioner, | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| RONNIE HOLT, Warden, | : | |
| | : | |
| Respondent. | : | |

**MEMORANDUM**

**July _2_ , 2007**

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Pending before this Court is a Report (doc. 11), issued by Magistrate Judge

J. Andrew Smyser ("the Magistrate Judge" or "Magistrate Judge Smyser") on

February 12, 2007, which recommends that pro se Petitioner Daniel Gebbia's

("Petitioner" or "Gebbia") Petition for Writ of Habeas Corpus ("the Petition")

(doc. 1), filed on November 6, 2006, be dismissed.[1]  For the reasons that follow,

we will adopt Magistrate Judge Smyser's Report in its entirety.

## FACTUAL BACKGROUND/PROCEDURAL HISTORY:

Our review of the record confirms the Magistrate Judge's description of

---

[1] The Petition was brought pursuant to 28 U.S.C. § 2241.

1

Petitioner's allegations as to the relevant facts underlying the instant action and

the relief requested. (See Rec. Docs. 1, 10, 11). Accordingly, we summarize the

allegations and relief requested only briefly here.[2]

On April 28, 2006, Officer D. Price ("Officer Price") conducted a search of

Petitioner's cell at the Federal Correctional Institution at Schuylkill ("FCI-

Schuykill"). Following the search, Officer Price filed an Incident Report, dated

April 28, 2006 and delivered to Petitioner on May 1, 2006, which states, in

relevant part:

> On the above date and time while doing a routine shakedown of cell #203, I
> discovered a 10 inch metal ice pick shank (homemade knife) inside the light
> fixture of the desk. The shank was made with [a] 10 inch piece of metal
> sharpened to a point with tape and a piece of sheet as the handle. The cell is
> occupied by inmates Gebbia and Webb #22362-016.

(Rec. Doc. 7-2 at 7).

On May 8, 2006, a hearing regarding the Incident Report was held before a

Discipline Hearing Officer ("DHO"); at the hearing, Petitioner waived the

opportunity for staff representation and to call witnesses. Following the hearing,

the DHO found Petitioner guilty of possession of a weapon, based upon the

contents of the Incident Report and a photograph of the knife, as well as the

determination that the staff members providing said evidence were credible

---

[2] Unless otherwise noted, our summary is taken from the Report. (Rec. Doc. 11).

because they derived no known benefit from providing false information.  Based upon the finding of guilt, the DHO sanctioned Petitioner with 60 days of disciplinary segregation, disallowance of 38 days of good conduct time, forfeiture of 162 days of non-vested good conduct time, and loss of telephone and visiting privileges for one (1) year.

On November 6, 2006, Petitioner filed the instant Petition.  Therein, Petitioner seeks an order directing the Federal Bureau of Prisons ("BOP") to vacate the findings of the DHO, expunge Petitioner's file of all reference to the aforementioned hearing and sanctions, restore Petitioner's good time, and return Petitioner "to the position attained prior to the hearing."  (Rec. Doc. 1 at 13).  Petitioner also seeks to have an order entered requiring review of BOP Program Statement 5270.07, which provides that inmates are responsible for keeping areas within their control free of contraband.  (Id.)

On November 8, 2006, Respondent Ronnie Holt ("Respondent" or "Holt") was ordered to show cause as to why Petitioner should not be granted habeas corpus relief.  The November 8, 2006 Order also provided that Petitioner could reply to the response within ten (10) days of the filing thereof.  Accordingly, on December 4, 2006, Respondent filed a response (doc. 7) to the Petition, and on

January 16, 2007, Petitioner filed a reply (doc. 10) thereto.[3]

Following receipt of the parties' submissions, on February 12, 2007, the

Magistrate Judge issued a Report (doc. 11) recommending that the Petition (doc.

1) be dismissed.  Objections to Magistrate Judge Smyser's Report were due on

March 6, 2007.  On March 13, 2007, Petitioner filed a submission styled as a

"Notice of Appeal." (Rec. Doc. 12).  Although Petitioner's filing contains neither

substantive objections to the Report nor a supporting brief, and seeks review by

the Court of Appeals for the Third Circuit, we note that procedure dictates that

Petitioner's "Appeal" be reviewed by us, and that we will construe said "Appeal"

as Objections to the Report.[4]

**STANDARD OF REVIEW:**

When objections are filed to a report of a magistrate judge, we make a <u>de</u>

<u>novo</u> determination of those portions of the report or specified proposed findings

or recommendations made by the magistrate judge to which there are objections.

See <u>United States v. Raddatz,</u> 447 U.S. 667 (1980); <u>see also</u> 28 U.S.C. §636(b)(1);

---

[3] As both Respondent and Petitioner sought extensions of time to file their submissions, such filings were timely.

[4] Although it could be argued that the better practice would have been to afford Petitioner an additional opportunity to file substantive objections to the Report prior to our disposition thereof, we see no need to do so here because our review of the record and the Report leads us to conclude that any such filing would have been futile.

Local Rule 72.31.  Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge.  See id.  Indeed, in providing for a de novo review determination rather than a de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.  See id., see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

## DISCUSSION:

Our independent review of the record confirms the Magistrate Judge's determinations, and, accordingly, we will briefly reiterate the salient aspects of the Report.

As the Report notes, Petitioner lodges two (2) general complaints as to discipline hearing's procedure and outcome: 1) he was denied due process; and 2) the evidence against him is insufficient to support the DHO's finding of guilt.  We will address Petitioner's complaints in turn.

First, cognizant that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and [that] the full panoply of rights due a defendant in such

proceedings does not apply," we find that Petitioner received his due process.[5]

Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Indeed, as the Magistrate Judge

noted, in Wolff, the Supreme Court held that due process requires that prisoners:

1) receive written notice of the charges against them no less than twenty-four (24)

hours prior to the discipline hearing; 2) be afforded a qualified right to call

witnesses and present documentary evidence; 3) be given a written statement by

the fact-finder as to the evidence relied upon and the reasons for disciplinary

action; and 4) illiterate inmates be entitled to help from a fellow inmate. Id. at

564-71. As Petitioner received the Incident Report on May 1, 2006,

approximately one (1) week prior to his May 8, 2006 hearing; waived the

opportunity for staff representation and to call witnesses; and was given a written

statement by the DHO outlining the evidence relied upon and reasons for the

disciplinary action, we find no violation of Petitioner's due process rights.[6]

Second, we find that sufficient evidence exists to support the DHO's finding

_____

[5] With respect to due process, Petitioner raised several specific arguments: 1) he did not receive the Incident Report in a timely manner because it was not delivered to him within twenty-four (24) hours of the incident; 2) the DHO was biased against him, as demonstrated by the DHO's statements regarding the reason for the delay in the delivery of the Incident Report to Petitioner; and 3) the DHO was not adequately trained to render a decision upon Petitioner's guilt. For all of the reasons outlined by the Magistrate Judge (doc. 11 at 5-8), we find the aforementioned arguments unpersuasive.

[6] In the interest of completeness, we note that in light of Petitioner's submissions to this Court, it is quite apparent that Petitioner is not illiterate.

Petitioner guilty of possession of a weapon. In <u>Superintendent v. Hill</u>, 472 U.S. 445, 454 (1985), the Supreme Court reiterated that <u>Wolff's</u> requirements must be met prior to the revocation of prisoners' good time credits. The Court, however, went on to state that in the context of prison disciplinary proceedings, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . . ," and that satisfaction of the "some evidence" standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." <u>Id.</u> at 455. Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." <u>Id.</u> at 455-56. As the Incident Report indicates that the knife was found in a light fixture in Petitioner's cell, over which Petitioner is responsible pursuant to the doctrine of constructive possession,[7] we find that sufficient evidence exists to support the DHO's finding that Petitioner is guilty of possession with a weapon.[8] <u>See Vega v. Williamson</u>, No. 3:CV-05-1716, 2005

_____

[7] Given the recognized doctrine of constructive possession, we see no reason to order review of BOP Program Statement 5270.07, even assuming <u>arguendo</u> that we could render such an Order.

[8] We are cognizant of Petitioner's argument that Officer Price, who drafted the Incident Report, has been disciplined for planting weapons in cells, as well as Respondent's denial of same. However, as no such evidence was presented to the DHO, it is irrelevant to our analysis of whether sufficient evidence supports the DHO's decision. <u>See Hamilton v. O'Leary</u>, 976 F.2d

WL 3117677, at *3 (M.D. Pa. Nov. 22, 2006) (Kosik, J.) (applying the doctrine of constructive possession to inmates sharing a cell); Hamilton v. O'Leary, 976 F.2d 341, 345 (7th Cir. 1992) (same); White v. Kane, 860 F. Supp. 1075, 1078 (E.D. Pa. 1994) (same), aff'd, 52 F.3d 319 (3d Cir. 1995).

In conclusion, we will overrule Petitioner's Objections (doc. 12) to the Magistrate Judge's Report.  In addition, because we agree with Magistrate Judge Smyser's recommendation that the Petition (doc. 1) be dismissed, we will adopt the Magistrate Judge's Report (doc. 11) as our own.

An appropriate Order shall issue.

---

341, 346 (7th Cir. 1992).